ECF
OCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of New York.
Date Filed: 10/16/06
Rodney C. Early, Clerk
By: Denise Coltie
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

03-CR-33-A (01)

CARLOS GARCIA-BENITEZ
a/k/a JOEL GONZALEZ
a/k/a "Yani,"

Defendant.

FILED
OCT 16 2006
CLERK, US DISTRICT COURT, WDNY

**PLEA AGREEMENT**

The defendant, CARLOS GARCIA-BENITEZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment which charges a violation of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute and to Distribute 5 kilograms or more of Cocaine and 1 kilogram or more of Heroin), which carries a minimum sentence of a term of imprisonment of 20 years, a maximum possible sentence of a term of imprisonment of life, a fine of $8,000,000, or both, a mandatory $100 special assessment and a term of

supervised release of at least 10 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant admits that on or about July 10, 1997, defendant was convicted of a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 in the United States District Court for the District of Puerto Rico. On or about June 3, 2004, the government filed an information pursuant to Title 21, United States Code, Section 851 alleging such prior drug felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. SENTENCING GUIDELINES

4. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

5. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that an agreement existed between two or more persons to commit a controlled substance felony offense, that the defendant knew of the existence of the agreement, that the defendant intended to participate in the unlawful agreement, and that at least 5 kilograms of a mixture or substance containing cocaine or at least 1 kilogram of a mixture or substance containing heroin was reasonably foreseeable to the defendant as being within the scope of the agreement.

**FACTUAL BASIS**

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. From approximately August 2002 through approximately February 12, 2003, in the Western District of New York and elsewhere, defendant conspired with others to distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance. Specifically, on numerous occasions during this period of time, defendant made arrangements to purchase and purchased kilogram quantities of cocaine and heroin from Valerio Ocana-Munoz, a/k/a "Lechon," and Luis Reinoso, a/k/a "Fernando," who were individuals involved in drug trafficking in New York, New York. Such cocaine and heroin was then delivered to defendant in this district, and defendant thereafter distributed it to others, or caused his co-conspirators to distribute it to others. For example, on November 16, 2002, defendant accepted delivery of approximately 5 kilograms of cocaine, and distributed approximately 500 grams of it to another individual. He intended to distribute the remaining cocaine. However, on November 17, 2002, agents of the Drug Enforcement Administration seized approximately 4.419 kilograms of cocaine and approximately $24,000 from a vehicle over which defendant had control.

On February 5, 2003, agents of the DEA recovered approximately $100,000 in cash from an automobile being operated by co-defendants Anuedi Gomez and Jose Masso- DeJesus. Approximately $~~40,000~~ 57,000 of such cash represented partial payment by defendant to Valerio-Ocana-Munoz, a/k/a "Lechon" for a previous transaction in which defendant received approximately 5 kilograms of cocaine from "Lechon." Defendant had provided the cash to co-defendant Jose Borea, a/k/a "Choco," and instructed Choco to pay the drug debt to Lechon's couriers. Gomez and

10/16/06
C.G.B.

Masso-DeJesus were couriers for "Lechon" and had traveled to this District from New York City to deliver cocaine and pick up money.

Further, during the period of the conspiracy, defendant delivered heroin to Melvin Flecha-Mendoza and Florencio Padin in Rochester, New York.

b. In June 2000, while defendant was involved in the distribution of controlled substances in Puerto Rico, defendant participated in conduct which resulted in the death of Jack Fronte, a rival narcotics dealer in Puerto Rico. Specifically, defendant encountered Fronte and contacted co-defendant Jose Torres-Burgos on the telephone for the purpose of advising Torres-Burgos of Fronte's whereabouts. Defendant was aware that Torres-Burgos was seeking to locate Fronte to kill him. Based upon the information defendant provided to Torres-Burgos, Torres-Burgos and others pursued Fronte, and fired shots from a firearm which struck Fronte and caused his death.

c. The facts set forth in the preceding subparagraph (b) are based upon information provided by the defendant after the defendant indicated a desire to cooperate with the government and agreed to give statements regarding the defendant's involvement in criminal activity. It is understood and agreed to by the parties that such information provided by the defendant cannot be used against the defendant in accordance with U.S.S.G. § 1B1.8, Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, except as provided for in ¶ 27 herein.

d. The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

e. More than 150 kilograms of cocaine and approximately 10 kilograms of heroin is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Second Superseding Indictment which could be readily proven by the government against the defendant.

**BASE OFFENSE LEVEL**

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(3) and 2D1.1(c)(1) apply to the offense of conviction and provides for a base offense level of 38.

8. The government and the defendant agree that the 3 level upward adjustment of Guidelines § 3B1.1(b) (aggravating role in offense) applies, which would result in an adjusted offense level of 41.

**ACCEPTANCE OF RESPONSIBILITY**

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of Guidelines §§ 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 38.

**CRIMINAL HISTORY CATEGORY**

10. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this

action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

11. It is the understanding of the government and the defendant that, with a total offense level of 38 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 292 to 365 months, a fine of $25,000 to $8,000,000, and a period of supervised release of 10 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above, or the sentencing range which the Court determines to be appropriate if the government makes a motion pursuant to Guidelines Section 5K1.1, and/or 18 U.S.C. § 3553(e), and the Court grants such motion. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## III. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the

defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

16. At sentencing, the government will move to dismiss the open counts of the Original, Superseding and Second Superseding Indictments in this action as against the defendant.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the

right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. COOPERATION

21. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

22. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

23. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the

Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence, about which defendant has not provided complete and truthful information prior to the date of this agreement.

Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

24. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward at least 10 levels from the

Guidelines as provided for in Guidelines § 5K1.1, and/or mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), which, if granted by the Court, would result in a total offense level of 28 and a sentencing range of 97 to 121 months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

25. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

26. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the

defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

27. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

If this agreement is declared breached:

a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c. the defendant has no right to withdraw the plea of guilty;

d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e. the defendant agrees that any charges that were dismissed pursuant to this agreement may be automatically reinstated at the request of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

28. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at

sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

29. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

30. This plea agreement represents the total agreement between the defendant, CARLOS GARCIA-BENITEZ, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: ______________________
JOSEPH J. KARASZEWSKI
Assistant U. S. Attorney

Dated: October 16, 2006

I have read this agreement, which consists of 17 pages, including this page. I have had a full opportunity to discuss this agreement with my attorney, Paul Gordon Dell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

CARLOS GARCIA-BENITEZ
Defendant

Dated: October 16, 2006

PAUL GORDON DELL, ESQ.
Attorney for the Defendant

Dated: October 16, 2006